FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 20, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONNA LEE G.[1], <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | No. 1:22-CV-03052-SAB <br><br><br> **ORDER  PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Cross-Motions for Summary Judgment. ECF Nos. 11, 12. The motions were heard without oral argument. Plaintiff is represented by D. James Tree; Defendant is represented by Jeffrey Staples and Brian M. Donovan.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court grants Plaintiff's Motion for Summary Judgment, ECF No. 11, and denies Defendant's Motion for Summary

---

[1]Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

Judgment, ECF No. 12.

## I.     Jurisdiction

On March 27, 2017, Plaintiff filed an application for disability insurance benefits, with onset of May 6, 2016. Plaintiff's application was denied initially and on reconsideration.[2] On March 4, 2019, Plaintiff appeared and testified before an ALJ, with the assistance of her counsel, Jessica Rose. Paul Morrison, vocational expert, also participated. The ALJ issued a partially favorable decision on April 18, 2019, finding Plaintiff became disabled on December 29, 2018, but not before. On May 26, 2020, the Appeals Council issued a remand order, ordering a new hearing and further proceedings to consider new evidence.

A second hearing was held on November 16, 2022 by telephone. Plaintiff appeared and testified by telephone with the assistance of her counsel, Jessica Rose. The ALJ found that Plaintiff was not disabled prior to the established onset date (December 29, 2018) but became disabled on that date and continued to be disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on March 3, 2022. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on January 28, 2021. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any

---

[2]A hearing was held in 2018 before an ALJ, who issued an unfavorable decision. The Appeals Council reversed the denial.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

1  substantial gainful activity by reason of any medically determinable physical or

2  mental impairment which can be expected to result in death or which has lasted or

3  can be expected to last for a continuous period of not less than twelve months." 42

4  U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

5  under a disability only if their impairments are of such severity that the claimant is

6  not only unable to do their previous work, but cannot, considering claimant's age,

7  education, and work experiences, engage in any other substantial gainful work that

8  exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The

9  Commissioner has established a five-step sequential evaluation process to

10  determine whether a person is disabled in the statute. See 20 C.F.R. §§

11  404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

12      **Step One**: Is the claimant engaged in substantial gainful activities? 20

13  C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work

14  done for pay and requires compensation above the statutory minimum. *Keyes v.*

15  *Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in

16  substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If

17  the claimant is not, the ALJ proceeds to step two.

18      **Step Two**: Does the claimant have a medically-severe impairment or

19  combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A

20  severe impairment is one that lasted or must be expected to last for at least 12

21  months and must be proven through objective medical evidence. *Id.* §§ 404.1509,

22  416.909. If the claimant does not have a severe impairment or combination of

23  impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii),

24  416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third

25  step.

26      **Step Three**: Does the claimant's impairment meet or equal one of the listed

27  impairments acknowledged by the Commissioner to be so severe as to preclude

28  substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3**

the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla,"

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

*Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was 55 years old. She has prior work as an administrative assistant and bookkeeper,

In 2015, when she went to lift a box of crochet patterns, she heard a pop and had immediate pain. She continued to experience shooting pain down her leg and had difficulty sitting or bending after this. She continued to work but was accommodated to work from home until Mary 2016. She had an MRI in November

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

2016, which found she had significant lumbar spine disease, including degenerative facet changes at L5 and S1, severe stenosis, a 7 mm slip and grade 2 spondylolisthesis L5 on S1. Plaintiff began to lose both bowel and bladder control and she was diagnosed with at least partial cauda equina syndrome, requiring immediate surgery. Plaintiff agreed to have the surgery as soon as she could find care for her mother. Her daughter moved in with her in the Spring of 2017 to help take care of Plaintiff and her mother. Plaintiff progressively worsened. Plaintiff stopped driving sometime in the middle of 2018. She eventually had surgery in December 2018.

According to both Plaintiff and her daughter, Plaintiff needs assistance going from a sitting to a standing position, as well as assistance with putting on her clothes and shoes.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 17-37. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 9, 2016, the alleged onset date. AR 21.

At step two, the ALJ identified the following severe impairments: depression, anxiety, degenerative disc disease, status-post spinal fusion, fibromyalgia, and chronic pain. AR 21.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 22. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> residual functional capacity to perform light work as defined in 20 CFR 404.1567(a) except she can lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk about six hours total in an eight hour workday, sit about six hours in an eight-hour workday, occasionally climb ramps and stairs but never ladders, ropes, or scaffolds, frequently balance, occasionally stoop, kneel, crouch, and

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

crawl, should have no concentrated exposure to vibrations, should have no exposure to hazards, is capable of performing simple and detailed tasks, can have occasional contact with co-workers and the public, and should perform indoor work in close proximity to a bathroom facility.

AR 26.

At step four, the ALJ found that Plaintiff was not capable of performing any past relevant work. AR 34.

The ALJ found that prior to her established onset date of December 29, 2018, Plaintiff was not disabled and there were jobs that existed in significant numbers in the national economy that she could have performed, such as electric accessories assembler; marker; and bench assembler. AR 36.

## VI. Discussion

The reason why the ALJ found that Plaintiff was disabled on December 29, 2018 but not before is that the criteria for making that determination changed after she turned 55. She asserts the ALJ erred in finding that she was not disabled as of May 9, 2016, when she was over 50 years old. At that age, Plaintiff was an individual closely approaching advanced age.

The ALJ found that Plaintiff was not regularly using a cane until after surgery. Plaintiff asserts she was using a cane at the time of the onset of her disability. Because the Vocational Expert in 2020 testified that a claimant who needs a cane to ambulate is limited to sedentary work, pursuant to Grid Rule 201.14 Plaintiff would have been found disabled due to her use of the cane.

The record suggests that Plaintiff was using a cane at the onset of her disability. She explained that after her injury her father would need to help her get off the sofa. Her father committed suicide after the onset date. Moreover, records demonstrate that she used a cane in her home by July 2017 at the latest and she needed assistance to get from a sitting to standing position. Because the ALJ failed to properly address Plaintiff's need for and use of a cane, remand is necessary. On

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

remand, the ALJ shall reassess the complete record to determine whether Plaintiff was using a cane on the alleged onset date, including the evidence identified by Plaintiff that indicates she was using her cane on the alleged onset date. The parties can address any remaining arguments on remand.

Accordingly, **IT IS HEREBY ORDERED:**

1.     Plaintiff's Motion for Summary Judgment, ECF No. 11, is **GRANTED**.

2.     Defendant's Motion for Summary Judgment, ECF No. 12, is **DENIED.**

3.     The decision of the Commissioner is **reversed** and **remanded** for additional proceedings consistent with this Order.

4.     Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 20th day of January 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**